UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES H. LIMBRIGHT and
HENRY J. LIMBRIGHT,

        Judgment Plaintiffs,

                                Case Number 08-12336
v.                                    Honorable David M. Lawson

GEORGE HOFMEISTER, KAY RAMSAY
HOFMEISTER, NELSON CLEMMENS, as
Trustee of the GEORGE S. HOFMEISTER
FAMILY TRUST f/b/o MEGAN G.
HOFMEISTER, NELSON CLEMMENS, as
Trustee of the GEORGE S. HOFMEISTER
FAMILY TRUST f/b/o SCOTT R.
HOFMEISTER, and NELSON CLEMMENS, as
Trustee of the GEORGE S. HOFMEISTER
FAMILY TRUST f/b/o JAMIE S.
HOFMEISTER,

        Judgment Defendants,
-and-

JOHN DOE I, as Trustee of the MEGAN G.
HOFMEISTER IRREVOCABLE TRUST,
JOHN DOE II, as Trustee of the SCOTT R.
HOFMEISTER IRREVOCABLE TRUST, and
JOHN DOE III, as Trustee of the JAMIE S.
HOFMEISTER IRREVOCABLE TRUST,

        Supplementary Defendants.
_____/

## ORDER GRANTING THE DEFENDANTS' MOTION TO AMEND OR CORRECT ORDER TRANSFERRING CASE TO THE EASTERN DISTRICT OF KENTUCKY AND DENYING THE PLAINTIFFS' MOTION FOR RECONSIDERATION

The matter is before the Court on the defendants' Rule 60(a) and Rule 59(e) motion for

clarification of the Court's March 31, 2009 opinion and order and on the plaintiffs' motion for

reconsideration.  In their motion, the defendants seek to clarify whether the Court intended to

dismiss the remaining supplementary defendants – i.e., the three trusts of Megan G., Scott R., and Jamie S. Hofmeister – and whether the Court ruled on the defendants' request for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure.   The plaintiffs seek reconsideration of the merits of the Court's March 31, 2009 opinion and order urging that the Court has personal jurisdiction over the children's trusts, that the Hofmeister children are not indispensable parties under Rule 19, and that the transfer of venue to the Eastern District of Kentucky was not warranted.

The Court has considered the parties' arguments and will grant the defendants' motion for clarification.  The Court did not intend to dismiss the Hofmeister children's trusts from the case because the trustee for the three children's trusts, George Hofmeister, is clearly subject to personal jurisdiction of this Court.  Further, the Court did not intend to rule on the issue of adequacy of the plaintiffs' allegations of fraud in the complaint.  This issue is best left for a judge in the District Court for the Eastern District of Kentucky, to which the action has been transferred.  Nor did the Court determine that the Hofmeister children were indispensable parties.  It appears that the transferee court will have personal jurisdiction over the Hofmeister children, so that the question of their indispensability will be moot.

As for the plaintiffs' motion for reconsideration, the Court finds it without merit.  Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case.  E.D. Mich. LR 7.1(g)(3).  A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain.  *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich.  2002) (citations omitted).

The plaintiffs here have not demonstrated any mistake of fact or law that amounts to a

"palpable defect."  Rather, the plaintiffs seek to re-litigate the questions whether the Court had

personal jurisdiction over the supplementary defendants and whether the transfer was appropriate.

The Court notes that it has not ruled on whether the Hofmeister children were indispensable parties

to this litigation at all.  The Local Rules provide that "motions for rehearing or reconsideration

which merely present the same issues ruled upon by the Court, either expressly or by reasonable

implication, shall not be granted."  E.D. Mich. LR 7.1(g)(3).  The Court will deny the motion for

reconsideration.

It is **ORDERED** that the defendants' motion for clarification of the Court's March 31, 2009

order [dkt # 28] is **GRANTED**.

It is further **ORDERED** that the motion to dismiss the Hofmeister children's trusts for lack

of personal jurisdiction is **DENIED**.

It is further **ORDERED** that the plaintiffs' motion for reconsideration [dkt # 32] is

**DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 16, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on April 16, 2008.

s/Lisa M. Ware
LISA M. WARE